UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:11-CV-105-KKC

WILBERT McKREITH,                                                                                          PLAINTIFF

V.                                **MEMORANDUM OPINION AND ORDER**

MR. ENDICOTT,                                                                                              DEFENDANT

\* \* \* \* \* \* \* \* \*

Plaintiff Wilbert McKreith is incarcerated at the United States Penitentiary in Coleman, Florida. McKreith has filed this civil rights action asserting constitutional claims pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and has paid the requisite $350.00 filing fee. [R. 2]

Because McKreith is asserting claims against a government official, the Court screens his Complaint pursuant to 28 U.S.C. § 1915A, which requires a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). For the reasons set forth below, the Court will order the defendant, Mr. Endicott, to answer McKreith's Complaint.

**BACKGROUND**

McKreith alleges that on December 9, 2009, while confined at the United States Penitentiary - Big Sandy ("USP-Big Sandy") in Inez, Kentucky, defendant Endicott, a lieutenant at the prison, placed him in restraints and took him to a cell in the Special Housing Unit where he was housed with another inmate, Donald Shephard, for a period of three days. McKreith states that during this time:

> . . . I was not able to eat and miss[ed] five meals, also was not able to sit and used [sic] the toilet, my hands was [sic] tied to my wa[i]st. I was not able to wipe my bottom. This was three days from 12-9-2009 to 12-11-2009. I committed no prohibited act,

therefore the Defendant Lieutenant Mr. Endicott used excessive physical force in violation of the cruel and unusual punishments clause, and the Federal Bureau of Prisons Program Statement #P5566.06.

[R. 2 at 3] On or about February 25, 2010, McKreith filed an Administrative Claim (#2010-02992) under the Federal Tort Claims Act ("FTCA") with the Bureau of Prisons, requesting $100,000.00 in damages as a result of Shephard's actions. On March 24, 2010, the BOP advised McKreith that it had six months from the date it received his claim to review, consider, and adjudicate it. 28 U.S.C. § 2675. McKreith indicates that the BOP never responded to his claim. [R. 2 at 5]

Exhibits attached to McKreith's complaint indicate that he took the following actions with respect to his claim:

1. On December 16, 2010, McKreith filed a "Central Office Administrative Office Remedy Appeal" with the BOP's Central Office alleging that his constitutional rights had been violated. [R. 2-1 at 9] McKreith did not include any response from the BOP's Central Office.

2. On April 7, 2011, McKreith filed a Request for Informal Resolution Attempt with prison officials at USP-Pollock, where he was housed at that time, requesting a settlement of his tort claim. [R. 2-1 at 3] On April 13, 2011, prison officials responded, advising McKreith that his Correctional Counselor, C. Ethridge, had spoken with the tort claim representative for USP - Big Sandy and that as of February 2011, a final decision had not been made on his tort claim. [R. 2-1 at 4]

3. On April 12, 2011, he submitted a Request for Administrative Remedy (#635319-F1) to W. A. Sherrod, Warden at USP-Pollock. On April 26, 2011, Warden Sherrod responded that:

> An investigation into your complaint revealed that pursuant to the letter you received from the Regional Counsel's Office, at the Federal Medical Center, Lexington, Kentucky, dated March 24, 2010, the fourth paragraph directs as follows: "All correspondence regarding this claim should be addressed to Supervisory Attorney, Lexington Legal Center, Federal Medical Center, 3301 Leestown Road, Lexington, Kentucky 40511-8799. When corresponding with this office regarding this tort claim

2

please refer to the above tort claim number." You must follow those directions and contact that office for information regarding this tort claim.

[R. 2-1 at 6]

**I**

While McKreith has included documents relevent to a possible claim against the United States under the FTCA, he has not named the United States as a defendant in this action, and his allegations focus solely upon the alleged violation of his constitutional rights. Specifically, McKreith asserts that Mr. Endicott violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to be free from excessive force.

To the extent that McKreith's complaint might be liberally construed to include a tort claim under the FTCA, said claim must be dismissed for lack of subject matter jurisdiction. The FTCA, 28 U.S.C. §§ 2671-2680, provides a limited waiver of sovereign immunity. While McKreith contends that Mr. Endicott's actions towards him violated BOP's Program Statement 5566.06, §§ 552.20, 552.22(b), (h), and 552.23, the Act neither creates a cause of action against the United States nor provides a means of enforcing federal statutory duties. *Myers v. United States*, 17 F.3d 890 (6th Cir. 1994) (*citing Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991); *Sellfors v. United States*, 697 F.2d 1362,1365 (11th Cir. 1983), *cert. denied*, 468 U.S. 1204 (1984). The FTCA constitutes the United States' consent to be sued in tort actions, and the Act defines the scope of district court jurisdiction to entertain suit under its provisions. The consent is "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment ...." 28 U.S.C. § 1346(b). Such consent is limited to cases in which "a private individual [would be liable] under like circumstances." 28 U.S.C. § 2674.

The FTCA applies to federal inmates' claims alleging personal injuries sustained while incarcerated because of *negligence of government employees*. *See United States v. Muniz*, 374 U.S. 150 (1963).

While the FTCA is a limited waiver of sovereign immunity for the negligence of government employees, the United States has not explicitly waived sovereign immunity for constitutional torts committed by government employees. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *Jackson v. United States*, 1997 WL 321123, at *2 (6th Cir. 1997) ("Although the United States has consented to suit under the FTCA, that Act is inapplicable to Jackson because it does not reach alleged due process and other federal constitutional torts."); *A African-American U.S. Citizen v. Tennessee*, 2009 WL 676619, at *1 (E. D. Tenn. 2009) ("[n]either the United States nor the U.S. Postal Service has waived sovereign immunity for constitutional torts.").

Under facts similar to those alleged in McKreith's Complaint, this Court has determined that claims alleging intentional constitutional violations are not cognizable under the FTCA. See *Browning v. Pennerton*, 633 F. Supp. 2d 415, 427-29 (E.D. Ky. 2009) (holding that where prisoner sought redress under *Bivens* for constitutional violations, he could not recover under the FTCA); *Antonelli v. Walters*, 2009 WL 921103, at *28 (E.D. Ky. 2009) (same). Other courts have held that while some acts of intentional wrongdoing can be brought under the FTCA, claims asserting constitutional tort claims can not. *Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 874 (8th Cir. 1999) ("[C]onstitutional tort claims are not cognizable under the FTCA"); *Hessbrook v. Lennon*, 777 F.2d 999, 1002 (5th Cir. 1985) ("[B]roadly speaking, the FTCA provides a waiver of the sovereign immunity of the United States for negligence actions, but not for certain intentional torts, which, if they violated a constitutional right, would often be actionable instead by a *Bivens*-type suit"); *Kennedy v. Mendez*, 2004 WL 2301917, at *5 (M.D. Pa. 2004) (recommending that the plaintiff's constitutional claims against the United States be dismissed because they are not cognizable under the FTCA).

For the foregoing reasons, to the extent that McKreith's Complaint could be construed as asserting a tort claim against the United States for Mr. Endicott's alleged conduct, that claim will be dismissed for lack of subject matter jurisdiction.

## II

Turning to McKreith's *Bivens* claim, to state a claim that is cognizable as a *Bivens* action under 28 U.S.C. § 1331, a plaintiff must plead and prove two essential elements. He must show, first, the deprivation of right(s) secured by the Constitution or laws of the United States and, second, that the Defendants allegedly depriving him of those rights acted under color of federal law. *Id*. at 397. McKreith has properly alleged these two elements with regard to his Bivens claim.

It is less clear whether McKreith satisfied his obligation to properly initiate and complete the inmate grievance process before filing suit. Federal law requires a prisoner filing suit to first exhaust whatever administrative remedies are available to him or her before suit is filed. 42 U.S.C. § 1997e(a). On or about December 16, 2010, McKreith filed a Central Office Remedy Appeal concerning this matter; however, this filing contains no Administrative Remedy Number. It is unclear from this filing whether McKreith first filed an Administrative Remedy with the Warden, followed by an appeal to the BOP's Regional Office and then to the BOP's Central Office, or whether McKreith's filing with the Central Office in December of 2010, was the initial filing of his administrative remedies. It is also unclear whether the BOP's Central Office responded to this filing.

Subsequently, on April 12, 2011, McKreith filed a Request For Administrative Remedy (#635319-F1) concerning this matter, to which Warden Sherrod responded. It is unclear from the record whether McKreith pursued and exhausted his administrative remedies concerning Administrative Remedy #635319-F1.

5

To the extent that exhaustion of administrative remedies is an issue in this case, it should be decided on a more fully developed record. *See Jones v. Bock*, 549 U.S. 199 (2007). Consequently, the court will direct the issuance of summons for the defendant Mr. Endicott to respond to the allegations in McKreith's complaint.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) To the extent that Plaintiff Wilbert McKreith's Complaint may be construed as asserting a tort claim against the United States of America under the Federal Tort Claims Act, for violations of his constitutional rights, such claim is **DISMISSED** for lack of subject matter jurisdiction.

(2) Defendant Mr. Endicott shall respond to McKreith's Eighth and Fourteenth Amendment claims alleging being subjected to cruel and unusual punishment and excessive force surrounding his confinement in a segregated housing unit from December 9-11, 2009.

(3) The Clerk of the Court shall issue summons for defendant Mr. Endicott, Lieutenant, USP - Big Sandy, in his individual capacity.

(4) The Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

    a. Completed summons forms;

    b. Complaint [R. 2], and attached exhibits;

    c. This Memorandum Opinion and Order; and

    d. Completed United States Marshals Service ("USMS") Forms 285.

If the Clerk is unable to accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

(5)     The Clerk shall prepare four (4) Service Packets to be provided to the USMS in Lexington, Kentucky, addressed as follows:

   a.     to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

   b.     to the Office of the Attorney General of the United States in Washington, D.C.;

   c.     to the Bureau of Prisons' Central Office in Washington, D.C.; and

   d.     to Lieutenant Mr. Endicott at the United States Penitentiary - Big Sandy in Inez, Kentucky.

(6)     The Clerk shall send by certified mail the required Service Packets for the defendant to the USMS in Lexington, Kentucky. The Clerk shall enter the certified mail receipt in the record and note in the docket the date that the Service Packet was delivered to the USMS.

(7)     The USMS shall serve the defendant by:

   a.     Sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

   b.     Sending a Service Packet by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.;

   c.     Sending a Service Packet by certified or registered mail to the Bureau of Prisons' ("BOP") Central Office in Washington, D.C.; and

   d.     Personally serving Lieutenant Mr. Endicott at the United States Penitentiary - Big Sandy in Inez, Kentucky through arrangement with the Federal Bureau of Prisons.

(8)     McKreith must advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

(9) McKreith must communicate with the Court solely through notices or motions filed with the Clerk's Office.

(10) For every further pleading or other document he wishes to submit to the Court, McKreith shall serve upon the defendant, or, if appearance has been entered by counsel, upon his attorney, a copy of the pleading or other document. McKreith shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.

(11) The Court will disregard any document which has not been filed with the Clerk of the Court; which has been filed but fails to include the certificate of service of copies; or which has been sent directly to the Judge's chambers.

Dated this 21st day of May, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge