UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| WILBERT McKREITH, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 11-CV-105-KKC |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| MR. ENDICOTT, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Wilbert McKreith is an inmate presently confined at the United States Penitentiary-Victorville in Adelanto, California, but formerly confined at the United States Penitentiary-Big Sandy in Inez, Kentucky. McKreith filed this civil rights action against defendant Mr. Endicott, a Lieutenant at USP-Big Sandy, asserting constitutional claims against him pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). [R. 2]

This matter is before the Court on defendant Endicott's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment. [R. 26] This motion has been fully briefed and is ripe for review. Subsequently, McKreith moved for judgment on the pleadings, or in the alternative, for summary judgment [R. 36], all of which will be addressed herein. Because the record establishes that McKreith's complaint should be dismissed for his failure to exhaust his administrative remedies relative to his *Bivens* claim against Endicott, Endicott's motion to dismiss will be granted. McKreith's motion for judgment on the pleadings will be denied, and this action will be dismissed.

**BACKGROUND**

McKreith was an inmate at USP-Big Sandy from February 11, 2009, to November 18, 2010. [R. 26-2, p. 2, ¶ 3; R. 26-3, Inmate Profile] McKreith alleges that on December 9, 2009, defendant Endicott, placed him in restraints and took him to a cell in the Special Housing Unit where he was housed with another inmate, Donald Shephard, for a period of three days. McKreith states that during this time:

> . . . I was not able to eat and miss[ed] five meals, also was not able to sit and used [sic] the toilet, my hands was [sic] tied to my wa[i]st. I was not able to wipe my bottom. This was three days from 12-9-2009 to 12-11-2009. I committed no prohibited act, therefore the Defendant Lieutenant Mr. Endicott used excessive physical force in violation of the cruel and unusual punishments clause, and the Federal Bureau of Prisons Program Statement #P5566.06.

[R. 2, p. 3] On or about February 25, 2010, McKreith filed an Administrative Tort Claim (#2010-02992) under the Federal Tort Claims Act ("FTCA") with the Bureau of Prisons, requesting $1,000,000.00 in damages as a result of Endicott's actions. On March 24, 2010, the BOP advised McKreith that under the provisions of the FTCA, 28 U.S.C. § 2675, it had six months from the date it received his claim to review, consider, and adjudicate it. McKreith indicates that the BOP never responded to his FTCA claim. [R. 2, p. 5]

Exhibits attached to McKreith's complaint indicate that he took the following actions with respect to this FTCA claim:

1. On December 16, 2010, McKreith filed a "Central Office Administrative Office Remedy Appeal" with the BOP's Central Office alleging that his constitutional rights had been violated. [R. 2-1, p. 9] McKreith did not include any response from the BOP's Central Office.

2. On April 7, 2011, McKreith filed a Request for Informal Resolution Attempt with

prison officials at USP-Pollock, where he was housed at that time, requesting a settlement of his tort claim. [R. 2-1, p. 3] On April 13, 2011, prison officials responded, advising McKreith that his Correctional Counselor, C. Ethridge, had spoken with the tort claim representative for USP-Big Sandy and that as of February 2011, a final decision had not been made on his tort claim. [R. 2-1, p. 4]

3. On April 12, 2011, he submitted a Request for Administrative Remedy (#635319-F1) to W. A. Sherrod, Warden at USP-Pollock. [R. 2-1, p. 5] On April 26, 2011, Warden Sherrod responded that:

> An investigation into your complaint revealed that pursuant to the letter you received from the Regional Counsel's Office, at the Federal Medical Center, Lexington, Kentucky, dated March 24, 2010, the fourth paragraph directs as follows: "All correspondence regarding this claim should be addressed to Supervisory Attorney, Lexington Legal Center, Federal Medical Center, 3301 Leestown Road, Lexington, Kentucky 40511-8799. When corresponding with this office regarding this tort claim please refer to the above tort claim number." You must follow those directions and contact that office for information regarding this tort claim.

[R. 2-1, p. 6]

McKreith attached to his Complaint documents relevant to a possible claim against the United States under the FTCA; however, he did not name the United States as a defendant in this action, naming Mr. Endicott as the sole defendant. His allegations contained no claim of a tort injury, focusing solely on the alleged violation of his constitutional rights by Endicott. Specifically, McKreith asserts that Mr. Endicott violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to be free from excessive force.

As detailed in the Memorandum Opinion and Order of May 21, 2012 [R. 10], the Court dismissed any potential FTCA claim McKreith might be attempting to assert in the Complaint for

3

lack of subject matter jurisdiction. While the FTCA is a limited waiver of sovereign immunity for the negligence of government employees, the United States has not explicitly waived sovereign immunity for constitutional torts committed by government employees. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *Jackson v. United States*, 1997 WL 321123, at *2 (6th Cir. 1997) ("Although the United States has consented to suit under the FTCA, that Act is inapplicable to Jackson because it does not reach alleged due process and other federal constitutional torts."); *A African-American U.S. Citizen v. Tennessee*, 2009 WL 676619, at *1 (E. D. Tenn. 2009) ("[n]either the United States nor the U.S. Postal Service has waived sovereign immunity for constitutional torts."). Thus, intentional constitutional violations committed by government employees are not cognizable under the FTCA. See *Browning v. Pennerton*, 633 F. Supp. 2d 415, 427-29 (E.D. Ky. 2009) (holding that where prisoner sought redress under *Bivens* for constitutional violations, he could not recover under the FTCA); *Antonelli v. Walters*, 2009 WL 921103, at *28 (E.D. Ky. 2009) (same). Other courts have held that while some acts of intentional wrongdoing can be brought under the FTCA, claims asserting constitutional tort claims can not. *Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 874 (8th Cir. 1999) ("[C]onstitutional tort claims are not cognizable under the FTCA"); *Hessbrook v. Lennon*, 777 F.2d 999, 1002 (5th Cir. 1985) ("[B]roadly speaking, the FTCA provides a waiver of the sovereign immunity of the United States for negligence actions, but not for certain intentional torts, which, if they violated a constitutional right, would often be actionable instead by a *Bivens*-type suit"); *Kennedy v. Mendez*, 2004 WL 2301917, at *5 (M.D. Pa. 2004) (recommending that the plaintiff's constitutional claims against the United States be dismissed because they are not cognizable under the FTCA). For these reasons, any potential FTCA claim contained in McKreith's Complaint was dismissed.

**I**

As to McKreith's *Bivens* claim, the Court required Endicott to file a response to the Complaint because it was unclear whether McKreith had exhausted his administrative remedies prior to filing suit. The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §1997e(a), requires a prisoner to first exhaust whatever administrative remedies are available to him before suit is filed. Based on this provision, regardless of the relief offered through the administrative procedures, prisoners are required to exhaust all administrative remedies prior to filing a lawsuit regarding prison life. *Booth v. Churner*, 532 U.S. 731, 741 (2001). This requirement applies to "all inmate suits about prison life, whether they involve general circumstance or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). The Supreme Court has further held that the PLRA requires proper exhaustion of the administrative remedy process, as "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id*. at 95. The BOP's four-tiered administrative remedy scheme, available to inmates who have a complaint about their confinement, is set out in Administrative Remedy Program Statement Number 1330.16 and 28 C.F.R. §§ 542.10-542.[1]

---

[1] The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F. R. §542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing staff with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot

A review of the Administrative Remedies Record the BOP has maintained for McKreith [R. 26-12] shows that during the course of his incarceration, he has filed forty Administrative Remedies, two of which were filed while he was housed at USP-Big Sandy.[2]  On December 27, 2010, after McKreith had been transferred from USP-Big Sandy, he filed Administrative Remedy No. 622772-A1, concerning his torn claim for personal injury. [R. 26-12, pp. 14-15].  None of the Administrative Remedies McKreith has filed have been directly related to his claim of constitutional violations by Defendant Endicott, as alleged in the present *Bivens* Complaint.  As described herein, McKreith did initiate and exhaust Administrative Remedy No. 635319, concerning Tort Claim No. TRT-MXR-2010-02992; however, in that remedy, he did not address the underlying allegations of his Bivens complaint, but instead focused his efforts in obtaining a settlement agreement for the pending tort claim.  *See Declaration of Carlos J. Martinez*, ¶ 8 and Attachments G, H, and I thereto [R. 26-2, p. 6 and R. 26-13, R. 26-14, and R. 26-15].  McKreith has filed **no** administrative remedies, pursuant to the requirements of the PLRA, addressing the alleged underlying Constitutional rights violations asserted in his Complaint against defendant Endicott.  *Id.*

---

informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11].  *See* §542.15.

The administrative procedure includes established response times.  §542.18.  As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level.  *Id.*

[2] These two Administrative Remedies were No. 530242-F1, filed on March 17, 2009, concerning pay issues from MDC Brooklyn, and No. 602119-F1, filed on August 10, 2010, concerning prices in the commissary.

Thus, in the present case, McKreith has failed to fully and properly exhaust his grievances pursuant to the administrative exhaustion procedures, "in accordance with all of the provisions thereof." *Jackson v. Walker*, No. 6:07-230-DCR, 2008 WL 559693 at *9, (E.D. Ky. Feb. 27, 2008). "In *Ngo*, the Supreme Court made it clear that 42 U.S.C. 1997e(a) requires available administrative procedures to be completed properly, not in a self-designated hodgepodge of procedures taken from various parts of the regulations." [Id.] "'Proper exhaustion' means that the plaintiff complied with the administrative 'agency's deadline and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Morton v. Daviess County Detention Center*, 4:08-CV-P30-M, 2009 WL 960495 at *2, (W.D. Ky. April 7, 2009) citing *Woodford v. Ngo*.

McKreith has failed to comply with the requirements of the PLRA in that he failed to address the allegations he raised in the *Bivens* complaint through the proper administrative remedy procedures. *Woodford v. Ngo*, *supra*, confirmed that these requirements are mandatory. *See, e.g., Macias v. Zenk*, 495 F.3d 37, 44 (2nd Cir. 2007) (Notice of a claim alone is not sufficient after *Woodford v. Ngo*, which permits suit only after "proper exhaustion" of the administrative system); *Bailey-El v. Federal Bureau of Prisons*, 246 F.App'x. 105, 107-08 (3rd Cir. 2007) (Plaintiff had no excuse for failing to follow procedures for appeals). A prisoner cannot fail to file an administrative grievance, or abandon his efforts to complete the administrative process altogether. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

The FTCA has its own exhaustion procedures, separate and apart from the exhaustion procedures required to exhaust a *Bivens* claim. The Sixth Circuit has held that an inmate's "attempts to pursue his FTCA claim have no bearing on whether or not he exhausted his *Bivens* claim."

*Brockett v. Parks*, 48 F.App'x. 539, 541 (6th Cir. 2002). *See also Clay v. United States*, 05-CV-599-KKC, 2006 WL 2711750, at *12 (E.D. Ky. Sept. 21, 2006) ("The fact that Plaintiff fully exhausted his FTCA claim did not relieve him of his duty to fully exhaust his *Bivens* claims."); *Owusu v. Federal Bureau of Prisons*, 02-Civ. 0915 NRB, 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003) (fulfillment of FTCA's exhaustion requirement does not constitute satisfaction of PLRA's exhaustion requirement for *Bivens* actions; inmate must exhaust BOP four-step administrative grievance process before pursuing civil rights claim in federal court).  McKreith's Administrative Remedy record evidences that he did not initiate the grievance process as to the underlying constitutional allegation against defendant Endicott, but merely (and repeatedly) inquired as to the status of his pending tort claim and sought to settle it.  The fact that the administrative remedies filed by McKreith regarding his tort claim were somewhat related to the allegations in his *Bivens* complaint against Defendant Endicott does not cure his failure to properly exhaust his administrative remedies.  The administrative remedies McKreith filed concerned the status of his pending tort claim; they did not address the underlying constitutional allegations against defendant Endicott, thereby failing to properly exhaust the four-step administrative process provided by the BOP for constitutional claims.

McKreith's failure to properly exhaust his underlying Bivens grievances through the available administrative remedies denied the agency the opportunity to address the issue at hand at all administrative levels; denied the Court with a proper administrative record; and failed to set forth a proper finding of facts.  The allegations raised in the underlying *Bivens* claim, which contain assertions of civil rights violations, should have been grieved separately through the proper administrative remedy procedures.  *See Macias v. Zenk*, 495 F.3d at 44 (Notice of a claim alone is

not sufficient after *Woodford v. Ngo*, which permits suit only after "proper exhaustion" of the administrative system).

In responding to defendant's motion to dismiss, McKreith indicates that he made "efforts to resolve the issues using BOP's Administrative Remedy Program and the statutorily-mandated tort claim procedures." [R. 28, p. 9.] However, none of the administrative remedies McKreith filed post-dating this matter have been directly related to his claims of constitutional violations by defendant Endicott as alleged in the complaint. [R. 26; Attachment F, Declaration of Carlos J. Martinez, ¶ 8]. As proper administrative remedies relative to the *Bivens* claims were not exhausted,[3] McKreith's *Bivens* claims contained in the complaint are not properly before this Court. *Woodford v. Ngo,* 548 U.S. at 90.

Having determined that McKreith's complaint must be dismissed because he failed to exhaust his administrative remedies, in the interests of judicial economy, the Court need not address in great detail the remaining arguments raised in the defendant's motion to dismiss, or alternatively, for summary judgment. However, in passing, the Court must also point out that McKreith's complaint would also be subject to dismissal because it is time-barred. The subject incident occurred December 9, 2009, through December 11, 2009. McKreith's complaint was filed on June 23, 2011, after the one-year statute of limitations had expired. Had McKreith pursued and exhausted his administrative remedies relative to the *Bivens* claim against Endicott, the statute of limitations would have been equitably tolled; however, since McKreith did not exhaust his administrative remedies, equitable tolling is not a consideration in this instance. Thus, McKreith's complaint was not timely

---

[3] McKreith's response to defendant's dispositive motion intertwines and confuses the separate and distinct administrative exhaustion requirements for *Bivens* claims and tort claims brought pursuant to the FTCA, 28 U.S.C. § 1346(b) *et seq.*

9

filed.

Having determined that McKreith's complaint must be dismissed because he failed to exhaust his administrative remedies and also because the complaint was not timely filed, the Court need not expend limited judicial resources in analyzing defendant's alternative motion for summary judgment.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   Defendant Jack Endicott's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), is [R. 26] **GRANTED**;

(2)   Defendant Jack Endicott's alternative Motion for Summary Judgment [R. 26] is **DENIED AS MOOT**;

(3)   Plaintiff McKreith's motion for judgment on the pleadings, or in the alternative, for summary judgment [R. 36] is **DENIED**; and,

(4)   Plaintiff McKreith's complaint [R. 2] and amended complaint [18] are **DISMISSED**.

(5)   The Court will enter an appropriate judgment.

(6)   This matter is **STRICKEN** from the active docket.

Dated this 12th day of March, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge